OPINION
This matter has been submitted on the record and the briefs of the parties. Appellant, Brian K. Dye ("Dye"), appeals from the judgment of the Portage County Court of Common Pleas entered on November 3, 1999. The trial court granted appellee, Owners Insurance Co., judgment on the pleadings and summary judgment. This judgment entry did not address the disposition of third-party defendant Wayne Mutual Insurance Co. ("Wayne Mutual"). This court, sua sponte, remanded the case to the trial court for clarification of the disposition of Wayne Mutual. On February 10, 2000, the trial court indicated by order and judgment entry that, as Wayne Mutual's interest in this case was derivative of Dye's interest, by disposing of Dye's interest in its judgment of November 3, 1999, the court disposed of Wayne Mutual's interest as well. The jurisdictional issue being resolved, on February 28, 2000, this court ordered the matter to proceed according to rule. The following facts are relevant to a disposition of this appeal.
On June 24, 1995, Dye was involved in an automobile accident with Jackie Patterson, the tort-feasor. There are no legal issues remaining with respect to the tort-feasor. Dye collected $25,000 (the maximum) from the tort-feasor's insurance company. Dye also collected $25,000 from the underinsurance provision in his own insurance policy issued by Wayne Mutual.
At the time of the accident, Dye resided with his parents, who held a Homeowner's insurance policy with appellee. The policy provided personal liability coverage in the amount of $100,000 per occurrence. No party disputes that Dye was an insured under this policy. The policy contained the following provisions, in pertinent part:
"EXCLUSIONS
 "Under Personal Liability Coverage * * * we do not cover:
 "1. Bodily injury or property damage arising out of:
"a. the ownership, maintenance, or use of:
"* * *
 "(2). Any motorized land vehicle designed for travel on public roads or subject to motor vehicle registration. We do cover a motorized land vehicle:
"(a) used exclusively or kept in dead storage on
the insured premises; or
 "(b) not owned or operated by or rented or loaned to an insured person;
 "(3). Any motorized land vehicle designed for recreational use off public roads and owned by an insured person. We do cover such a vehicle on the residence premises. * * *."
 The accident giving rise to this case did not occur on the insured premises. Dye filed a declaratory judgment action against appellee seeking coverage under his parent's homeowner's policy for his automobile accident. Dye argued that because the insurance policy provided some motor vehicle liability insurance on a limited basis, such as for motorized land vehicles designed for recreational use off public roads when used on the premises, the policy became a motor vehicle liability policy for purposes of R.C. 3937.18. As such, it would be required to offer underinsured motorist coverage. Since it did not offer underinsured motorist coverage, Dye sought to have such coverage imposed as a matter of law.
Appellee filed a motion for summary judgment. The trial court, using the definition provided in R.C. 4509.01(L) for a "motor vehicle liability policy," reasoned that if a policy does not satisfy the requirements for providing proof of financial responsibility, then it is not a "motor vehicle liability policy" and, consequently, would not be required to provide underinsured motorist coverage per R.C. 3937.18. In the instant case, it is undisputed that the policy at issue did not meet the requirements for providing proof of financial responsibility. Consequently, the trial court concluded it was not a "motor vehicle liability policy" and not subject to the requirements of 3937.18. The trial court granted appellee judgment on the pleadings and summary judgment. From this judgment, Dye timely filed notice of appeal.
In his assignment of error, Dye argues the trial court erred by granting appellee's motions for judgment on the pleadings and summary judgment and in denying his corresponding motion for summary judgment. The standard of review for summary judgment is the same for both a trial and an appellate court. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. Our review is de novo. Burkholder v. Straughn
(June 26, 1998), Trumbull App. No. 97-T-0146, unreported, 1998 Ohio App. LEXIS 2895, at *6. Civ.R. 56 governs motions for summary judgment. In construing Civ.R. 56(C), the Supreme Court of Ohio has stated that the moving party bears the burden of establishing that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds, construing the evidence in favor of the nonmoving party, can come to but one conclusion and that conclusion is adverse to the party opposing the motion. Harlessv. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66.
While the trial court reached the right result, the rationale it employed, whether the policy at issue would suffice to meet the requirements of proof of financial responsibility, was specifically rejected by the Supreme Court of Ohio in Selander v. Erie Ins. Group. (1999), 85 Ohio St.3d 541. In Selander, the court held that the fact that an insurance policy does not comply with Ohio's financial responsibility law is not determinative of its status as a motor vehicle liability policy. Id. at 545.
The issue presented in this appeal has been resolved by the Supreme Court of Ohio's holding in Davidson v. Motorists Mut. Ins. Co. (2001),91 Ohio St.3d 262, wherein the court stated:
 "A homeowner's insurance policy that provides limited liability coverage for vehicles that are not subject to
 motor vehicle registration and that are not intended to be used on a public highway is not a motor vehicle liability policy and is not subject to the requirement of former R.C.
 3937.18 to offer uninsured and underinsured motorist coverage." Id. at syllabus.
 In Davidson, the Supreme Court of Ohio evaluated the holding of the Ninth District Court of Appeals in the certified conflict case of Overton v. W. Res. Group
(Dec. 8, 1999), Wayne App. No. 99CA0007, unreported, 1999 Ohio App. Lexis 5832. In Overton, the court was construing a homeowner's insurance policy analogous to the policy in this case. In Davidson, the Supreme Court of Ohio cited with approval the following portion of Overton:
 "In this case, however, there is no direct liability coverage, even in a limited sense, for motor vehicles. The policy provision above specifically excludes coverage for bodily injury arising out of the use of motor vehicles. While the exclusion described does [not] apply to specific conveyances such as recreational off-road conveyances and golf carts, this incidental coverage is simply not enough to transform a homeowner's policy into an automobile liability policy.
 "A homeowners policy such as the policy at issue in this case cannot be reasonably construed to provide uninsured or underinsured motorist coverage where there is no automobile liability coverage intended by the parties or contained within the policy." Davidson at 268, citing Overton at 7.
The Supreme Court of Ohio concluded that, in a policy analogous to the policy at issue in the case sub judice, the incidental coverage provided for the vehicles listed in the exception to the motor vehicle exclusion does not transform the policy into a motor vehicle liability policy.Davidson at 270. On the basis of the court's holding in Davidson,appellant's assignment of error is without merit. The judgment of thetrial court is affirmed.
 _______________________________ WILLIAM M. O'NEILL, JUDGE
FORD, P.J., CHRISTLEY, J., concur.